MAY, J.
The question asked in this appeal is what constitutes “custody” for purposes of custodial interrogation. The defendant appeals his conviction and sentence for petty theft and battery upon a person 65 years of age or older. He raises the single issue of whether the trial court erred when it denied his motion to suppress. We agree that the court erred in denying the motion and reverse.
The defendant was a passenger in a car stopped for suspicion of drugs. A detective arrived at the scene and asked to speak with the defendant regarding an unrelated robbery and battery that had occurred a few weeks before. The detective advised the defendant that his pager had been found at the scene of the crime and that he was a suspect. The detective asked the defendant if he would accompany him to the police station to discuss the matter. The defendant agreed.
Pursuant to police policy, the defendant was handcuffed and placed in the back of a marked police unit for transportation to the police station. When they arrived, the defendant was taken into a ten by ten foot interview room and his handcuffs were removed. He was provided with food and drink during the interview process. During the interview, the defendant told the detective that he had not been at the location of the crime, and that he had sold the pager prior to that time. Upon completion of the interview, the police transported him home.
At the time of trial, the defendant objected to the admission of his taped statement. He argued that the statement was a product of custodial interrogation and that he was not given Miranda warnings. The detective testified that the defendant had been free to go, but did not testify that he told the defendant that he was free to go. The trial court found that the interrogation was not custodial and denied the motion to suppress.
The prosecution used the defendant’s taped statement to impeach his credibility. During closing argument, the prosecution referred to the taped statement to contradict one witness’s testimony that the defendant had told her that someone had stolen his pager. It was also used to show that the defendant had lied about being near the scene because his fingerprints were found on the victim’s car.
Custody, for purposes of Miranda encompasses not only formal arrest, but a restraint on freedom of movement of the degree associated with formal arrest. Ramirez v. State, 739 So.2d 568 (Fla.1999). See also Harris v. State, 726 So.2d 804 (Fla. 4th DCA 1999).
When determining if a defendant is in custody for purposes of Miranda, the test is whether “a reasonable person *456 placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest.”
Ramirez, 739 So.2d at 573 quoted in Pollard v. State, 780 So.2d 1015, 1017 (Fla. 4th DCA 2001).
In determining whether a reasonable person would consider himself to be “in custody,” a court should consider four factors. First, the court should look at how the police summoned the suspect for questioning. Second, the court should consider why, where, and how the subject is questioned. Third, the court should look at the extent to which the police confront the suspect with evidence of his/ her guilt. And last, the court should consider whether the police inform the suspect that he or she is free to leave. Id. at 573 quoted in Pollard v. State, 780 So.2d 1015, 1017 (Fla. 4th DCA 2001).
Applying the factors outlined in Ramirez, there can be only one conclusion. The defendant was in custody at the time of the interrogation. The police summoned the defendant from a vehicle stopped by police for an unrelated matter. The defendant was handcuffed and transported to the police station, placed in a small interview room, and confronted with the fact that his beeper was found at another crime scene. He was told he was a suspect in the robbery of an elderly man. And, while the detective testified that the defendant was free to leave at all times, he did not testify that he told the defendant he was free to leave. His status warranted the giving of Miranda warnings. Absent these warnings, the trial court should have suppressed the statement.
The prosecution adeptly used the defendant’s statement to discredit him. His statement not only conflicted with the testimony of one of the witnesses, but seemed unbelievable given that his fingerprints were found on the victim’s car. “Error is not harmless if there is any reasonable doubt that the error affected the verdict.” Pollard, 780 So.2d at 1017.
For this reason, the order denying the motion to suppress is reversed and the case remanded for proceedings consistent with this opinion.
STONE and GROSS, JJ., concur.